954 So.2d 681 (2007)
Eric MENEGAT and Luis Ruiz, Appellants,
v.
CITY OF APOPKA, Florida, Appellee.
No. 5D05-4296.
District Court of Appeal of Florida, Fifth District.
April 13, 2007.
Kathryn S. Piscitelli, of Egan, Lev & Siwica, P.A., Orlando, for Appellants.
Douglas T. Noah, of Dean Ringers, Morgan & Lawton, P.A., Orlando, for Appellee.
Jerry G. Traynham, of Patterson & Traynham, P.A., Tallahassee, Amicus Curiae for Florida Public Employees Council 79, et al.
GRIFFIN, J.
Appellants, Eric Menegat and Luis Ruiz ["appellants"], appeal an order of the lower court awarding a partial final judgment in favor of the City of Apopka ["Apopka"] on their claims that section 447.509(1)(a), Florida Statutes (2003) is facially unconstitutional. We affirm.
Appellants were employed as firefighters for Apopka. They were also trying to organize the city's firefighters for purposes of collective bargaining. On May 7, 2003, appellants were directed by their immediate supervisor to stop at another city fire station and retrieve a map. While there, Eric Menegat approached a lieutenant, Jeffrey Tyre, and asked him to return his "authorization card," signed or unsigned.[1] As the result of this brief exchange, appellants were suspended pending an investigation to determine whether they had "solicited" Jeffrey Tyre in violation of section 447.509(1)(a), Florida Statutes (2003).
Section 447.509 provides:
(1) Employee organizations, their members, agents, or representatives, or any persons acting on their behalf are hereby prohibited from:
(a) Soliciting public employees during working hours of any employee who is involved in the solicitation.
Appellants were subsequently fired for violation of the statute.
Appellants thereafter filed suit against Apopka, seeking declaratory and injunctive relief, principally contending that section 447.509 is facially unconstitutional. Several discrete grounds are raised: vagueness, overbreadth, infringement on the right of *683 free speech, equal protection and privacy, the right to collectively bargain articulated in Article I, Section 6 of the Florida Constitution, the right to freedom of association, the right to petition for redress of grievances and the right of access to public records and meetings. The trial court entered a cogent, well reasoned order addressing all issues and rejecting all seven claims of facial unconstitutionality. We agree with the trial court's disposition of each claim and with the trial court's conclusion that section 447.509 is not unconstitutional.
AFFIRMED.
ORFINGER and LAWSON, JJ., concur.
NOTES
[1] Section 447.207(2), Florida Statutes, requires an employee organization seeking to represent employees in collective bargaining to file a petition with the Public Employees Relations Commission, accompanied by "dated statements signed by at least 30 percent of the employees in the proposed unit, indicating that such employees desire to be represented for purposes of collective bargaining by the petitioning employee organization." Typically, the signed statements are collected by employee organizations on cardstock forms and are commonly referred to as "authorization cards."